UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                          **DECISION AND ORDER**
                                                              10-CR-0219S
                                                                  (1)

TONAWANDA COKE CORPORATION and
MARK L. KAMHOLZ,

                              Defendants.

       1.       Presently before this Court is Defendant Tonawanda Coke Corporation's motion to stay the imposed special condition of probation requiring the funding of two community service projects pending appeal. Pursuant to Rule 38(d) of the Federal Rules of Criminal Procedure, this Court may stay a sentence or condition of probation upon terms it deems appropriate.  As both parties note, relevant to a determination whether to grant a stay pending appeal are "the likelihood of success on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public interest." Mohammed v. Reno, 309 F.3d 95, 100 (2d Cir. 2002)

       2.       With respect to the likelihood of success on the merits, this Court disagrees with Defendant that there was an insufficient finding of harm to establish a nexus between the convicted crimes and the imposed community service projects for the reasons stated in the Presentence Decision and Order (Docket No. 271 at 29-31) and at sentencing (Sent. Tr. at 49-50, Docket 289). Further, Defendant's argument that it was without notice or the opportunity to be heard on the community service project probation condition is belied by the extensive briefing in the record and discussion at sentencing. (Docket Nos. 216 at 6-7, 38-43, Exs 49-54; 241 at 15-21; Sent. Tr. at 20-22, 49-50.)  This Court also notes that, as

stated at sentencing, the requirement that the company cooperate with research is limited to data gathering within the first five years. (Docket No. 289 at 57.)  To the extent, if any, that the written judgment implies otherwise, the oral pronouncement controls.  See United States v. Rosario, 386 F.3d 166, 168 (2d Cir. 2004).

3.	Nonetheless, this Court recognizes that, although not without precedent, the community service obligations imposed on Defendant are relatively novel. Moreover, should this portion of Defendant's sentence be altered or reversed on appeal, without a stay Defendant will have no recourse for recovering the funds already expended.  Similarly, the community service projects' sponsors may find themselves unable to fulfill financial obligations made in anticipation of future funding.  A stay in some form is therefore warranted.

4.	Imposition of a stay will necessarily delay commencement of the community service projects and shorten the time period during which the projects' research activities and Defendant's probation overlap.  Because the limited cooperation in research activities required of Defendant occurs within the first two years of the respective projects, the Court finds the possibility that the project researchers will be precluded from obtaining necessary information due to Defendant's completion of its probation term to be low.  However, in order to ensure that any negative effects of a delay are as limited as possible, Defendant is ordered to pay the installments as directed at sentencing into the Court's registry pending the outcome of its appeal.  This will alleviate the potential irreparable harm which might otherwise occur to Defendant should it be successful on appeal, but also provide the community and the project sponsors some measure of assurance that the projects will be able to commence without undue delay upon an affirmance.

5. To that end, this Court conditioned the community service obligation payments on Probation's approval of commitment letters and updated proposals by the project sponsors. Those documents have been timely submitted and so approved.[1] Defendant's first installment is therefore due to be paid to the Court within 60 days of the date of this order. (Sent. Tr. at 57.)

IT HEREBY IS ORDERED, that Defendant's motion for a stay of a special condition of probation pending appeal is GRANTED to the extent stated above;

FURTHER, that Defendant's first community service project installment payment is due within 60 days of the date of this order.

SO ORDERED.

Dated: May 25, 2014
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court

---

[1] These submissions, like the original proposals (Docket No. 232), will be publicly filed on the docket along with the present order.