UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                              **DECISION AND ORDER**
                                                      10-CR-0219S
                                                          (1)

TONAWANDA COKE CORPORATION

                             Defendant.

        1.        Presently before this Court is Defendant Tonawanda Coke Corporation's motion to modify the timing of its community service obligation payments pending the finalization of its civil penalty negotiation with the Government. (Docket No. 312.) Defendant also requests that all submissions associated with its modification motions (Docket Nos. 302-314) remain under seal permanently or, alternatively, temporarily until its appeal is decided, at which time Defendant would be permitted to petition for further sealing as necessary. (Docket No. 312-2 ¶ 36.) The Government opposes both the payment schedule modification request and any further sealing of the present submissions.

        2.        Defendant specifically requests "that it be allowed to pay a quarter of the first community service installment payment now ($802,992.75) with the remainder stayed pending an agreement with the government on the terms of the civil penalty and further time to effectuate a meaningful change in its cash flows such that [Defendant] can comply with its financial obligations and continue its business operations." (Docket No. 314 ¶ 1; see Docket No. 312-1 at 2.) The crux of Defendant's request is that the company is currently engaged in negotiations with the Department of Justice over a civil penalty, and

the Department has demanded $4,000,000 "at this point." (Docket Nos. 305 ¶ 3; 312-2 ¶ 6.) Defendant argues that a "soft coke market and the inability to lower productions costs" have severely limited its "ability to generate sufficient cash flow to meet its sentencing obligations *and* pay a $4 million civil penalty." (Docket No. 312-2 ¶ 6 (emphasis in original).)

3. There are several problems with Defendant's most recent attempt to modify the terms of its sentence. Initially, this Court finds disingenuous Defendant's framing of the issues in its present submissions as reflecting post-sentencing material changes in circumstances. (See Docket Nos. 305, 306.) Negotiations regarding the civil penalty, *including* the $4 million demand, were ongoing at the time of sentencing and discussed in the relevant submissions. (See Docket Nos. 229-2 at 14 (ongoing settlement negotiations will "necessarily include a significant civil penalty"); 229-6 at 5 (Defendant's expert noted that "the United States is currently . . . seeking a civil penalty of $4 million"); 241 at 24 (emphasizing both potential civil penalties and compliance costs).) Similarly, Defendant relies in part on the same expert report submitted during sentencing in support of its argument that declining industry and market forces have had an adverse impact on the company's ability to pay a fine. (Docket No. 312-2 ¶ 8 (citing Docket No. 229-6).) This Court considered and rejected this argument less than six months ago, noting that the submitted evidence supported a conclusion that any adverse effects were to an extent more cyclical in nature. (Docket No. 272 at 5-6.)

4. Moreover, Defendant fails to offer any logical reason why a previously imposed criminal sentence should be modified in deference to a *negotiated* civil penalty that has not yet been finalized. As discussed in the sentencing submissions, the

Environmental Protection Agency "has the ability to accept a settlement that will reduce the amount of the penalty to an amount that is not likely to create [undue] financial hardship." (Docket No. 239 at 1.) It would be more appropriate for Defendant to raise its hardship argument in the civil settlement negotiations rather than ask this Court to further defer the community service payment obligations. This Court therefore denies Defendant's request to stay payments until the company "effectuate[s] a meaningful change in its cash flows" - a vague benchmark at best. (Docket No. 314 ¶ 1.)

5.      Finally, because Defendant's arguments are duplicative of those raised in recent publicly available submissions, this Court finds no good cause to release this Decision and Order under seal. Defendant's alternative request to keep all submissions related to the present modification requests under seal pending the outcome of the appeal will be granted. This <u>temporary</u> stay will permit Defendant to petition for specific exhibits or parts thereof to remain sealed, as this Court is disinclined to permit continued sealing of the submissions in their entirety. Any petition for permanent sealing must be made within 30 days of the Court of Appeals' issuance of the mandate in Defendant's appeal, regardless of the outcome.

IT HEREBY IS ORDERED, that Defendant's motion for a modified payment schedule (Docket No. 312) is DENIED;

FURTHER, that Defendant's first community service payment installment of $3,211,971 is due within 30 days of the date this order is entered; and

FURTHER, that Docket Nos. 302-314 shall remain under seal until 30 days after the Court of Appeals' issuance of the mandate in Defendant's appeal, unless this Court directs otherwise.

SO ORDERED.

Dated: September 8, 2014
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court