PROB 12C
(12/98)

# United States District Court

## For

### The Western District of New York

### Petition for Offender Under Supervision

**NAME OF OFFENDER:** Tonawanda Coke Corporation      **CASE NUMBER:** 1:10CR00219-001

**ADDRESS OF OFFENDER:** 3875 River Road, Tonawanda, NY 14150

**NAME OF SENTENCING JUDICIAL OFFICER:** Honorable William M. Skretny, Senior United States District Judge

**DATE OF ORIGINAL SENTENCE:** March 19, 2014

**ORIGINAL OFFENSE:** Counts 1-5,9,11-15: Violation of Clean Air Act, in violation of 42 U.S.C. §7413(c) and 18 U.S.C. §2; Counts 17-19: Violation of Resource Conservation and Recovery Act, in violation of 42 U.S.C. §6928(d)(2)(A) and 18 U.S.C. §2

**ORIGINAL SENTENCE:** Five (5) years probation. Special Conditions to include: financial disclosure; search condition; corporation is required to participate in Community Service Projects to fund two (2) separate impact studies in an amount not to exceed $12,200,000 over the next ten (10) years; a special assessment fee of $5,600 and restitution due in the amount of $12,500,000.

**TYPE OF SUPERVISION:** Probation

**DATE SUPERVISION COMMENCED:** March 19, 2014

**ASSISTANT U.S. ATTORNEY:** Aaron J. Mango, Rocky J. Piaggione

**DEFENSE ATTORNEY:** Retained Counsel: Gregory F. Linsin, Ariel S. Glasner, Jeanne M. Grasso

## PETITIONING THE COURT

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| **Charge #1/Standard Condition** | **"The defendant organization shall not commit another federal, state, or local crime."** The defendant organization violated the Clean Air Act, in violation of Title 42 U.S.C. §7413(c)(1), §7412. |

**Details:** The following factual information was provided by U.S. Environmental Protection Agency, Resident Agent in Charge, K. Angela Rivera.

RE:   Tonawanda Coke Corporation
      1:10CR00219-001
      Page 2

Factual Information for Violation of Probation

Since May of 2018, the U.S. Environmental Protection Agency (EPA) and the New York State Department of Environmental Conservation (NYSDEC) have been documenting ongoing operational and compliance problems at the TCC coke oven battery, including continuous visible emissions (opacity) violations at the waste heat stack.  In early May of 2018, NYSDEC began receiving complaints from the community of excessive black smoke emitting from TCC's waste heat stack.  On May 11, 2018, TCC advised NYSDEC of a blockage in the waste heat stack tunnel due to a partial collapse.  After inspections by EPA and NYSDEC, the agencies believe that deteriorating conditions of the coke oven walls (i.e., cracks and other structural damage) is allowing smoke/particulates and coke oven gas to leak from the ovens and into the battery waste heat stack where it is emitted uncontrolled.

TCC is subject to the Coke Oven MACT regulation at 40 C.F.R. Part 63, Subpart CCCCC, and the requirements include a 20% opacity limit (24-hour average) for the waste heat stack (40 C.F.R. §63.7296).  Compliance with this limit is determined using continuous opacity monitoring system (COMS) data.  TCC has a COMS installed at the waste heat stack.  There is a separate-but-related 20% opacity requirement in 6 NYCRR Part 214, and compliance is based on visible opacity observations of the waste heat stack plume.

On June 19 – 20, 2018, EPA and NYSDEC conducted a joint inspection at TCC.  The hourly and daily average COMS data provided by TCC indicates extensive and ongoing violations of the applicable 20% opacity limit.  From January 1, 2018 through July of 2018, EPA and NYSDEC have documented more than 100 daily violations; beginning in April of 2018 these violations occurred nearly on an everyday basis.  TCC has continuously violated the 20% opacity limit every day since May 2, 2018.  The highest 24-hour averages for opacity have occurred most recently, in early July 2018, with the highest daily average of 70% on July 2, 2018.   This indicates that the opacity violations are getting worse over time.  NYSDEC advised TCC that they should lengthen the coking cycle in an attempt to lower the opacity; however TCC chose to shorten its coking cycle to increase coke production to fulfill customer orders.

Despite TCC's operational modifications to the coke oven battery and related components, the attempts to abate the opacity have been ineffective and served to exacerbate the opacity violations.  The exceedingly high COMS readings and ongoing nature of the daily violations raise significant public health concerns.

On Friday, July 20, 2018, NYSDEC served a Cease and Desist Letter to TCC, demanding that TCC immediately cease and desist ongoing violations of the Environmental Conservation Law.  The letter states that NYSDEC *"finds the condition of the TCC facility and your company's seeming disregard for environmental laws, rules and regulations as well as numerous enforcement actions and the impacts are unacceptable."* The letter also advised TCC that NYSDEC was commencing an action to revoke TCC's Title V Air Permit.  NYSDEC reiterated that the opacity violations of 6 NYCRR Section 214.6 demonstrate an increased pattern of noncompliance and a failure to adhere to applicable laws and permit conditions.

In May of 2018, NYSDEC required TCC to submit an emission test protocol for the waste heat stack by June 8, 2018, to measure the quantities of various pollutants being emitted and the potential impact to the public.  However, TCC did not submit a protocol to NYSDEC until the week of July 23, 2018 (after the cease and desist order).  TCC has engaged a consultant to prepare the protocol, but the consultant cannot perform any testing until the end of September.

RE:   **Tonawanda Coke Corporation**
      **1:10CR00219-001**
      **Page 3**

Previous Knowledge of Causal Conditions

In addition to the conviction by jury trial in March of 2013, TCC is also subject to a joint state and federal Consent Decree (Civil Action No. 1:15-cv-00420-WMS), entered into between NYSDEC, the New York State Attorney General's Office, U.S. Department of Justice (DOJ) and EPA.

On July 23, 2018, DOJ sent TCC's attorneys a letter reiterating some of the mandates in the Consent Decree, and stating that *"The United States and the State have a strong interest in ensuring that TCC thoroughly complies with the Consent Decree, and no more so than when violations may be affecting the health or safety of the surrounding community. We would like to hold a meeting with TCC within one week of the date of this letter to discuss this serious and continuing noncompliance..."*

Under the Consent Decree entered in United States et al. v. Tonawanda Coke Corporation, 15-cv-00420, TCC must:

• "comply with...[t]he "National Emission Standards for Hazardous Air Pollutants for Coke Ovens: Pushing, Quenching and Battery Stacks," 40 C.F.R. Part 63, Subpart CCCCC, § 63.7280 et seq. ("Coke Oven MACT")." See ¶ 14.e; and

• "comply with..."[t]he federally-enforceable requirements of the state implementation plan, titled "By-Product Coke Oven Batteries," 6 N.Y.C.R.R. Part 214." See ¶ 14.f.

TCC was ordered to comply with all applicable Coke Oven MACT requirements by no later than September 15, 2015.

NYSDEC and EPA have cited ongoing egregious noncompliance by TCC with the Consent Decree. The noncompliance includes violations of the waste heat stack opacity, as well as violations of Leak Detection and Repair (LDAR) requirements found in 40 C.F.R. §61.132 (NESHAP Subpart L), among other violations. According to the agencies, the current violations are part of a troubling pattern of emission control and LDAR violations that result in potential excess fugitive emissions. Given TCC's history of noncompliance with the NESHAP Subpart L provisions discussed above, TCC is clearly aware of the requirements of these regulations.

Criminal Violations

TCC's conduct constitutes criminal violations of the Clean Air Act, Title 42, U.S.C. § 7413(c)(1), 7412; and violations of the Title V permit under 6 NYCRR 214. Based on the repeat nature of the violations, the prior criminal conviction, and the civil Consent Decree, it is well established that TCC has a long history of environmental noncompliance, to include violations of the Coke Oven MACT regulations described above. Despite the recent issuance of the cease and desist order, TCC knowingly continues to violate and is threatening human health and the environment."

RE:   **Tonawanda Coke Corporation**
      **1:10CR00219-001**
      **Page 4**

I declare under penalty of perjury that the forgoing is true and correct.

Executed on:        August 16, 2018
                    Date

Signed by:          _____
                    Melissa L. Colley
                    U.S. Probation Officer

Place:              Buffalo, New York

Reviewed by:

_____
John P. Taberski
Supervising U.S. Probation Officer

_____

THE COURT ORDERS:
☐     No Action
☐     The Issuance of a Warrant
☒     The Issuance of a Summons for a Violation Hearing   returnable 9/4/2018 at 10³⁰ am
☐     The Issuance of a Summons for a Modification Hearing
☐     Other

                              _____
                              Signature of Judicial Officer

                              08 / 23 / 18
                              Date